IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charlene Leonard,<br>Plaintiff | CIVIL ACTION |
| vs. | NO. 09-4692 |
| Bristol Township School District,<br>James Anders, Gerry Barcik,<br>James White and Ellen Budman,<br>Defendants | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

I. PRELIMINARY STATEMENT

1. Plaintiff, Charlene Leonard, has initiated this action to redress violations of Title VII of the Civil Rights Act, 42 U.S.C. {2000 et seq. and The Pennsylvania Human Relations Act, 43 P.S.C.A. Section 951 et seq., committed by Defendants Bristol Township School District (hereinafter referred to as School District) and school managers James Anders (hereinafter referred to as Anders), Gerry Barcik (hereinafter referred to as Barcik), James White (hereinafter referred to as White), and Ellen Budman (hereinafter referred to as Budman). The School District subjected Plaintiff to pervasive and/or severe sexual harassment, sex discrimination and retaliation. Plaintiff seeks all available legal and equitable relief.

II. JURISDICTION

2. This action is initiated pursuant to Title VII of the Civil Rights Act, 42 U.S.C. {2000 et seq. This Court may properly maintain personal jurisdiction over Defendants because the Defendants are located in the State of Pennsylvania within the ambit of the U.S. District Court, Eastern District of Pennsylvania.

3. This action is also initiated pursuant to the Pennsylvania Human Relations Act (hereinafter referred to as PHRA), 43 P.S.C.A. Section 951 et. seq. pursuant to the doctrine of supplemental jurisdiction pursuant to 28 U.S.C.A. 1367(a).

4. The United States District Court for the Eastern District of Pennsylvania may properly maintain original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. {{1331 and 1343(a)(3) and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

5. Venue is proper in the Eastern District of Pennsylvania to 28 U.S.C. {{1391(b)(1) and

(b)(2) because Defendants conduct business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. At all times relevant hereto Plaintiff was working and residing in the Eastern District of Pennsylvania.

6. Plaintiff has exhausted her administrative remedies connected with the claims asserted in this complaint, having filed timely complaints of sex discrimination, sexual harassment and retaliation with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) and through the dual filing provisions of the joint work sharing agreement with the Pennsylvania Human Relations Commission (hereinafter referred to as PHRC). Plaintiff received her right to sue notices from the appropriate governmental agencies.

## III. PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff, Charlene Leonard, is an adult individual and citizen of the United States residing at 326 Blue Ridge Drive, Levittown, PA 19056.

9. Defendant School District is located in Bucks County, Pennsylvania with its Administrative office located at 6401 Mill Creek Road, Levittown, PA 19057.

10. Defendant School District is an employer within the meaning of 42 U.S.C. {2000e (b) and 43 P.S.C.A. 951 et seq.

11. Defendant James Anders is an adult individual and citizen of the United States residing and working in Bucks County. He works as a supervisor for Defendant School District, 6401 Mill Creek Road, Levittown, PA 19057. He is being sued as an aider and abettor of the sex discrimination, sexual harassment and retaliation.

12. Defendant Gerry Barcik is an adult individual and citizen of the United States residing and working in Bucks County. He works as the Business Manager for Defendant School District, 6401 Mill Creek Road, Levittown, PA 19057. He is being sued as an aider and abettor of the sex discrimination, sexual harassment and retaliation.

13. Defendant James White is an adult individual and citizen of the United States residing and working in Bucks County. He works as the Operations Safety Environmental and Training Coordinator for Defendant School District, 6401 Mill Creek Road, Levittown, PA 19057. He is being sued as an aider and abettor of the sex discrimination, sexual harassment and retaliation.

14. Defendant Ellen Budman is an adult individual and citizen of the United States residing and working in Bucks County. She works as the Superintendent of Schools for Defendant

School District, 6401 Mill Creek Road, Levittown, PA 19057. She is being sued as an aider and abettor of the sex discrimination, sexual harassment and retaliation.

IV. <u>STATEMENT OF FACTS</u>

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff, Charlene Leonard has worked in various capacities for the School District since approximately November, 1992. She has served as a custodian since 1996.

17. Plaintiff's supervisor since July 2006 has been Anders. Her second line supervisor is Gerry Barcik (hereinafter referred to as Barcik), who is the Business Manager. James White (hereinafter referred to as White), Operations Safety Environmental and Training Coordinator, is a high level official with the School District. Ellen Budman (hereinafter referred to as Budman) is the Superintendent of Schools with full responsibility for the operations of the Bristol Township School District.

18. Beginning in the fall of 2006 through January, 2008, Anders engaged in a pattern and practice of sex discrimination and sexually harassing Plaintiff in a pervasive and severe manner by, among other actions, physically touching Plaintiff in an unwelcome manner on her inner thigh, her arm and shoulder while requiring her to ride with him in his truck to and from schools to perform mop duty on a daily basis when she could have driven herself, professing his love for her, speaking intimately to her about the details of his personal life and what he could do for her life, calling her repeatedly while at work and at home to discuss personal matters despite Plaintiff's protests about his non-work related calls, especially to her personal telephone, offering numbers of times to set her up in a furnished apartment to be with him if she would leave her husband, ordering her to do chores for him off the work premises during work hours and requiring her to periodically make breakfast for him, intimidating her physically and psychologically and distracting her from her assigned duties.

19. During the period referenced in the above Paragraph, Plaintiff repeatedly and regularly told Anders that she was married and had no interest in a personal or romantic relationship. Notwithstanding this, Plaintiff was constantly forced to reject his repeated advances.

20. In the spring of 2007, White advised Plaintiff that the School District was aware of Anders' sexual harassment of Plaintiff. At the same time, White advised Plaintiff that a meeting of management of the school was held that included managers Anders, Barcik, Budman and White, during which Anders acknowledged his inappropriate romantic interest in Plaintiff.

21. However, notwithstanding Defendants' knowledge of the sexual harassment, management

including Barcik, White and Budman failed to reasonably investigate the situation and failed to take reasonable actions to stop it. The failure to reasonably investigate included but was not limited to failure to interview and obtain information from Plaintiff about the scope and extent of the discrimination, failure to determine the existence of other available witnesses, and failure to obtain relevant information in order to competently investigate the existence of sex discrimination and sexual harassment.

22. At no time did Defendants inform Plaintiff or provide Plaintiff with any documents evidencing a sex discrimination or sexual harassment policy of the School District. On information and belief, at no time was training provided by Defendants to staff regarding sex discrimination, sexual harassment or retaliation or how to prevent it or protect oneself from it.

23. At no time did Defendants inform Plaintiff of any procedure she could invoke in an effort to stop the sexual harassment and sex discrimination.

24. Later in 2007, notwithstanding Defendant White being advised by Plaintiff that Plaintiff was still experiencing Anders' harassing behaviors, Defendants failed to take action reasonably calculated to provide Plaintiff a workplace free of sexual harassment and sex discrimination.

25. Throughout 2006 and 2007, Plaintiff was subject to terms and conditions in her work environment different from that of her co-workers who were not subjected to sexually inappropriate contacts including but not limited to Anders placing his body physically close to Plaintiff, ongoing surveillance of Plaintiff by Anders and Anders standing over her and watching her in the workplace without reasonable purpose. Nor was anyone not in Plaintiff's protected class required to do shopping chores off premises for the supervisor and to cook for the supervisor and other managers.

26. In July 2007, as a result of Anders' constant actions, Plaintiff attempted suicide.

27. Following her suicide attempt, Anders continued to make unwelcome calls to Plaintiff at home.

28. From January 2008 to when Plaintiff went out on disability leave in 2009, Anders continued to sexually harass and retaliate against Plaintiff by such behavior as the following: Anders repeatedly placing his body inappropriately physically close to Plaintiff, outside of the normal comfort zone that an ordinary woman would find acceptable, engaging in harassment by improperly supervising Plaintiff including unnecessary surveillance of Plaintiff's activities and assigning Plaintiff to special duties outside her normal responsibilities to be near him such as cleaning his personal office which was not at Plaintiff's work site. In further example, Anders would show up at Plaintiff's work site for no apparent purpose, seemingly to be able to be near Plaintiff, and stand close and ogle

her.

29. On one occasion, without reason, Anders entered a work closet which was a contained space, that he knew Plaintiff to be in, without any need to be there. What he did not know was that there was also a co-worker of Plaintiff in the closet, who was frightened by Anders' stealthy entry. This example of stalking by Anders of Plaintiff would occur without warning, without work related purpose and served to put Plaintiff constantly on edge in the workplace.

30. The hostile work environment was made worse, when, on or about September 15, 2008, Plaintiff was forced by Anders to change her work hours, without good cause, effective the very next day.

31. After the change of hours, Anders threatened Plaintiff, through the Union, that she had best not try to file any charges against him, and began a routine of openly stalking Plaintiff at the workplace. On October 21, Plaintiff was burned on the job and went to see the nurse. Anders appeared while Plaintiff was with the nurse which was very unusual, stating that he wanted to check on her.

32. At the end of October, 2008, Plaintiff confided to a coworker that she was being "haunted" by Anders as he often appeared without cause and without notice, staring at her and making her feel threatened in the work environment.

33. After Plaintiff filed an administrative EEO complaint with the EEOC and PHRC on November 5, 2008, the harassment from Anders continued and Anders took retaliatory actions against Plaintiff such as following her around the workplace without any administrative need to do so.

34. On information and belief, despite management's knowledge of the sex discrimination and sexually hostile environment created by Anders for Plaintiff and despite the possibility of retaliation, management took no effective action reasonably calculated to put a stop to Anders' torment of Plaintiff. Plaintiff filed an amended complaint in May, 2009 with the administrative agencies.

35. After the filing of the administrative complaint, Anders heightened the hostile nature of the workplace by increasingly engaging in physically and psychologically intimidating behavior, such as, approaching Plaintiff closely without speaking, standing still behind her without acknowledging his presence or without having a reason to be present. His behavior also included sitting in his truck, parked at the dumpster, in which the Plaintiff needed daily to put the trash. Anders would wait, no matter how long it took, for Plaintiff to come out of the building to do this activity in an effort to intimidate Plaintiff. He would do this without any bona fide work related purpose apparently to be near her. As a result, Plaintiff was made so fearful and intimidated by Anders' behavior that she began asking a

co-worker to go outside instead of her or to accompany her to dump the trash.

36. Defendants, by their actions, failed to protect Plaintiff's privacy rights connected to her EEO complaints in accordance with their alleged policy. For instance, in November, 2008, Budman asked an employee to point out Plaintiff. Budman then inappropriately stated that Plaintiff had filed a sexual harassment complaint against Anders.

37. On or about December, 2008, on information and belief, Anders had an employee openly surveying Plaintiff's co-workers to determine who would support him against Plaintiff pursuant to her EEO claims in an apparent effort to intimidate Plaintiff and her witnesses.

38. By January, 2009, as a direct result of the sexual harassment, sex discrimination and retaliation, Plaintiff went out on a disability leave of absence approved by the School District. She has been out of work since that time.

39. After Plaintiff went out on disability, Anders continued to engage in harassing behavior against her by stalking her at her house. On numbers of occasions Anders drove his truck up and down Plaintiff's block, moving very slowly and sometimes stopping before her house staring at Plaintiff through her front window, and on occasion, turning his truck around at the end of the street and repeating his behavior.

40. Upon information and belief, the School District has had no sex discrimination, sexual harassment or retaliation equal employment opportunity policies and procedures that have been well distributed to its employees.

41. Upon information and belief, at all times pertinent to this Complaint, the School District did not provide training on these topics to its employees.

42. Upon information and belief, the School District did not timely or properly investigate the harassment or the retaliation experienced by Plaintiff or take prompt or adequate remedial measures to stop the harassment despite management's awareness of their manager's inappropriate behavior and Plaintiff's difficulties in dealing with it.

43. Upon information and belief, Barcik, White and Budman, individually and together, failed to take effective action to protect the rights of Plaintiff, even when they knew or should have known of its ongoing nature.

44. Plaintiff has suffered greatly as a result of the discriminatory conduct, experiencing significant economic harm from the loss of pay and benefits as well as suffering emotional harm. Her daily activities and interests have been significantly diminished which has caused great disruption and turmoil to her.

V. ADMINISTRATIVE EXHAUSTION

45. Plaintiff filed a timely charge of continuing violation discrimination and retaliation with the EEOC, Charge No. 530-2009-00483 and with the PHRC, Case No. 430200900483, in connection with her claims of sex discrimination, sexual harassment and retaliation and against the individually named Defendants as aiders and abettors.

46. Plaintiff was issued a right to sue letter by The U.S. Department of Justice received July 17, 2009, indicating that the EEOC had administratively closed their file prior to making any determination on the merits of the case. The PHRC issued a notice dated November 23, 2009 indicating that it had also administratively closed its file without a determination. Plaintiff has therefore exhausted all administrative requirements.

VI. CAUSES OF ACTIONS

COUNT ONE
Title VII- Sexual Harassment/Hostile Work Environment
Claim Against Defendant School District

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff was subjected to accumulated and repeated harassing acts which objectively and subjectively created a pervasive and/or severe sexually hostile environment by her supervisor, Anders, based upon her gender.

49. The harassment detrimentally affected Plaintiff and was such as would detrimentally affect a reasonable woman in her position.

50. Because the harassment was perpetrated by a Manager and because she suffered a tangible employment action as a result of the harassing conduct, the School District is liable under Title VII of 42 U.S.C. {2000 et seq.

51. Because the harassment was perpetrated by a Manager and the employer Defendant did not exercise reasonable care to prevent the harm to Plaintiff, the School District is liable under Title VII of 42 U.S.C. {2000 et seq.

52. The changes in the terms and conditions of Plaintiff's work environment were the direct result of the sexual harassment she suffered. Plaintiff has been injured by the actions of the School District, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

53. The School District is liable for this sex discrimination under Title VII of 42 U.S.C. Sections 2000 et seq.

COUNT TWO

PHRA- Sexual Harassment/Hostile Work Environment
Claim Against Defendant School District

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff was subjected to accumulated and repeated harassing acts which objectively and subjectively created a pervasive and/or severe sexually hostile environment by her supervisor, Anders, based upon her gender.

56. The harassment detrimentally affected Plaintiff and was such as would detrimentally affect a reasonable woman in her position.

57. Because the harassment was perpetrated by a Manager and because she suffered a tangible employment action as a result of the harassing conduct, the School District is liable under 43 P.S.C.A. Section 951 et. seq.

58. Because the harassment was perpetrated by a Manager and the employer Defendant did not exercise reasonable care to prevent the harm to Plaintiff, the School District is liable under 43 P.S.C.A. Section 951 et. seq.

59. The changes in the terms and conditions of Plaintiff's work environment were the direct result of the sexual harassment she suffered. Plaintiff has been injured by the actions of the School District, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

60. The School District is liable for this sex discrimination under 43 P.S.C.A. Section 951 et seq.

COUNT THREE
Title VII- Sex Discrimination
Against Defendant School District

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. Plaintiff was required to do tasks such as shopping off premises for her managers and cooking breakfast for them that no male was similarly required to do.

63. Plaintiff was subject to disparate treatment based on her sex in that she was subject to repeated constant harassing behavior following sexual assault and battery by her supervisor.

64. This disparate treatment caused Plaintiff to suffer from sex discrimination by the School District.

65. Plaintiff has been injured by the actions of the School District, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's

fees and costs.

66. The School District is liable for this sex discrimination under Title VII of 42 U.S.C. Section 2000 et seq.

## COUNT FOUR
### PHRA- Sex Discrimination
### Claim Against Defendant School District

67. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

68. Plaintiff was required to do tasks such as shopping off premises for her managers and cooking breakfast for them that no male was similarly required to do.

69. Plaintiff was subject to disparate treatment based on her sex in that she was subject to repeated constant harassing behavior following sexual assault and battery by her supervisor.

70. This disparate treatment caused Plaintiff to suffer from sex discrimination by the School District.

71. Plaintiff has been injured by the actions of the School District, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

72. The School District is liable for this sex discrimination under 43 P.S.C.A. Section 951 et seq.

## COUNT FIVE
### Title VII- RETALIATION
### Against Defendant School District

73. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

74. Plaintiff was subjected to an increasingly hostile work environment by specific acts of intimidation and harassment by Anders, to lack of protection by all Defendants as to her privacy rights connected to her complaints of sex discrimination and sexual harassment and by management's failure to take any actions to stop the discussion and rumors from abounding after she filed her complaints of discrimination.

75. These retaliatory acts by Defendants violate Title VII which prohibits retaliation against persons who assert their rights pursuant to that law.

76. The changes in the terms and conditions of Plaintiff's work environment were a direct result of the retaliation she suffered. Plaintiff has been injured by the actions of the School

District, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

77. The School District is liable for the consequences of this retaliation under Title VII of 42 U.S.C. Section 2000 et seq.

COUNT SIX
PHRA- RETALIATION
Against Defendant School District

78. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

79. Plaintiff was subjected to an increasingly hostile work environment by specific acts of intimidation and harassment by Anders, to lack of protection by all Defendants as to her privacy rights connected to her complaints of sex discrimination and sexual harassment and by management's failure to take any actions to stop the discussion and rumors from abounding after she filed her complaints of discrimination.

80. These retaliatory acts by Defendants violate the PHRA which prohibits retaliation against persons who assert their rights pursuant to those laws.

81. The changes in the terms and conditions of Plaintiff's work environment were a direct result of the retaliation she suffered. Plaintiff has been injured by the actions of the School District, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

82. The School District is liable for the consequences of this retaliation under 43 P.S.C.A. Section 951 et seq.

COUNT SEVEN
PHRA- Individual Liability for
Aiding and Abetting Acts of Discrimination
Against Budman

83. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

84. Defendant Budman knew or should have known of the sex discrimination, sexual harassment and retaliation against Plaintiff.

85. Defendant Budman, as Superintendent of Schools, had the authority to stop the sex discrimination, sexual harassment and retaliation against Plaintiff but failed to do so.

86. Budman failed to take appropriate remedial action to stop the sex discrimination, sexual harassment and retaliation against Plaintiff by, among other actions, creating and

87. implementing an effective EEO employee complaint procedure about which all employees are well trained.

87. By her actions and inactions Budman aided and abetted acts of sex discrimination, sexual harassment and retaliation against Plaintiff in violation of 43 P.S.C.A. Section 951 et seq.

88. The harm suffered by Plaintiff was the direct result of the sex discrimination, sexual harassment and retaliation she suffered. Plaintiff has been injured by the actions and inactions of Budman, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

89. Budman is liable for the damages to Plaintiff under 43 P.S.C.A. Section 951 et seq.

COUNT EIGHT
PHRA- Individual Liability for
Aiding and Abetting Acts of Discrimination
Against White

90. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

91. Defendant White knew or should have known of the sex discrimination, sexual harassment and retaliation against Plaintiff.

92. Defendant White, as a high level official of the School District who knew or should have known of the discrimination, had the authority to stop the sex discrimination, sexual harassment and retaliation against Plaintiff but failed to do so.

93. White failed to take appropriate remedial action to stop the sex discrimination, sexual harassment and retaliation against Plaintiff by, among other actions, activating an effective EEO employee complaint procedure about which all employees are well trained.

94. By his actions and inactions White aided and abetted acts of sex discrimination, sexual harassment and retaliation against Plaintiff in violation of 43 P.S.C.A. Section 951 et seq.

95. The harm suffered by Plaintiff was the direct result of the sex discrimination, sexual harassment and retaliation she suffered. Plaintiff has been injured by the actions and inactions of White, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

96. White is liable for the damages to Plaintiff under 43 P.S.C.A. Section 951 et seq.

COUNT NINE
PHRA- Individual Liability for
Aiding and Abetting Acts of Discrimination

Against Barcik

97. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

98. Defendant Barcik knew or should have known of the sex discrimination, sexual harassment and retaliation against Plaintiff.

99. Defendant Barcik, as one of Plaintiff's managers and a direct supervisor of Defendant Anders, had the authority to stop the sex discrimination, sexual harassment and retaliation against Plaintiff but failed to do so.

100. Barcik failed to take appropriate remedial action to stop the sex discrimination, sexual harassment and retaliation against Plaintiff.

101. By his actions and inactions Barcik aided and abetted acts of sex discrimination, sexual harassment and retaliation by, among other actions, activating an effective EEO employee complaint procedure about which all employees are well trained.

102. By his actions and inactions, Barcik aided and abetted acts of sex discrimination, sexual harassment and retaliation against Plaintiff in violation of 43 P.S.C.A. Section 951 et seq.

103. The harm suffered by Plaintiff was the direct result of the sex discrimination, sexual harassment and retaliation she suffered. Plaintiff has been injured by the actions and inactions of Barcik, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

104. Barcik is liable for the damages to Plaintiff under 43 P.S.C.A. Section 951 et seq.

COUNT TEN
PHRA- Aiding and Abetting Discrimination
Against Anders

105. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

106. Defendant Anders knew or should have known that his actions constituted sex discrimination, sexual harassment and retaliation against Plaintiff.

107. Defendant Anders, as Plaintiff's manager, had the responsibility to stop the sex discrimination, sexual harassment and retaliation against Plaintiff but failed to do so.

108. Anders failed to take appropriate remedial action to stop the sex discrimination, sexual harassment and retaliation against Plaintiff.

109. By his actions and inactions Anders aided and abetted acts of sex discrimination, sexual

110. The harm suffered by Plaintiff was the direct result of the sex discrimination, sexual harassment and retaliation she suffered. Plaintiff has been injured by the actions and inactions of Anders, which injuries include lost pay and benefits, compensatory damages including for emotional distress and attorney's fees and costs.

111. Anders is liable for the damages to Plaintiff under 43 P.S.C.A. Section 951 et seq.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against the School District under Title VII and the PHRA for Sexual Harassment, Sex Discrimination and Retaliation;
B. Enter judgment in Plaintiff's favor and against Defendants Anders, Barcik, White and Budman as Aiders and Abettors for Sexual Harassment, Sex Discrimination and Retaliation under the PHRA;
C. Order the School District to develop and implement an effective sexual harassment policy;
D. Require all Managers to be trained to protect their employees from Sexual Harassment, Sex Discrimination and Retaliation;
E. Order the School District to maintain a work environment free from Sexual Harassment, Sex Discrimination and Retaliation;
F. Award Plaintiff back pay, back benefits, compensatory damages for her emotional harm, pay and benefits until such time as plaintiff can return to work, attorney's fees, interest and costs;
G. Accommodate Plaintiff in her return to a non-discriminatory and non-retaliatory work environment; and
H. Award her such other and further relief as is just, proper, and permissible under law.

REQUEST FOR JURY TRIAL

Plaintiff hereby makes her request for a jury trial.

Respectfully submitted,

BY: _Joshua P. Rubinsky_
Joshua P. Rubinsky, Esq.
Brodie and Rubinsky, P.C.
121 N. Broad Street 8th Floor
Philadelphia, PA 19107
215-925-1470
215-925-3748 facsimile
rubinsky@brodierubinsky.com
Atty. I.D. #42751
Co-Counsel to Plaintiff

Gloria M. Gilman, Esq.
135 South 19th Street, Suite 200
Philadelphia, PA 19103
215-568-4990
215-561-1375 facsimile
Gmgilman@igc.org
Atty. I.D. #29414
Co-Counsel to Plaintiff